IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LARRY A. LAUER, DORINDA LAUER,<br><br>        Plaintiffs,<br><br>v.<br><br>WELLS FARGO MORTGAGE,<br>DEMETRIA STETSON,<br><br>        Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 1:16-cv-00032-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

## I.  INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4.)  On March 21, 2016, the court granted pro se Plaintiffs Larry A. Lauer and Dorinda Lauer leave to proceed in forma pauperis. (ECF No. 2.) Plaintiffs' complaint alleges that Defendants Wells Fargo Mortgage and Demetria Stetson violated certain trade regulations. (ECF Nos. 3, 7.) The case is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, this Court **RECOMMENDS** the District Court **DISMISS** Plaintiffs' complaint without prejudice under 28 U.S.C. § 1915(e)(2).

## II.  SCREENING PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)

### a.  Summary of allegations

The Court interprets Plaintiffs' complaint liberally because they proceed pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiffs allege that in late 2015 Mr. Lauer began speaking with Defendants regarding a modification to his mortgage loan. (ECF No. 7 at 1–2.) Plaintiffs allege that Defendants misled them regarding the modification process, though Plaintiffs do not identify any specific misstatements. Plaintiffs allege that Defendants somehow

stood to gain financially from these misstatements because Ogden City was interested in purchasing the mortgaged property at issue for a "river project." (*Id.* at 2.)

  b. **Legal standards applicable to screening under 28 U.S.C. 1915(e)(2)**

A court must dismiss a complaint filed by a plaintiff proceeding in forma pauperis if the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); *Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012). When deciding whether to dismiss such a complaint, a court accepts the allegations in the complaint "as true and construe[s] those allegations, and any reasonable inferences that might be drawn from them" in a plaintiff's favor. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While a pro se complaint must be construed liberally, a court must not act as an advocate for a pro se litigant. *Id.* To survive dismissal, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

  c. **Analysis**

Plaintiffs' claim must be dismissed because they fail to state a viable federal claim. First, Plaintiffs' complaint explicitly alleges a violation of 15 U.S.C. § 45. Unfortunately for Plaintiffs, "there is no private right of action under this statute." *Am. Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992); *see also Baum v. Great W. Cities, Inc., of New Mexico*, 703 F.2d 1197, 1209 (10th Cir. 1983) ("The remedial power [of 15 U.S.C. § 45] rests exclusively in the FTC."). Accordingly, this statute does not provide Plaintiff with a federal claim, regardless of the facts pled in the complaint. The Federal Trade Commission alone has authority to enforce this law.

Second, Plaintiff indicates that Defendant Wells Fargo "lied to Plaintiff and misled Plaintiff in the first conversations about the modification process." (ECF No. 2.) This statement likewise fails to state a cognizable federal claim. Liberally interpreted, Plaintiffs' complaint could be construed to allege a common-law fraud claim. Yet, these fraud allegations lack the requisite particularity. *See* Fed. R. Civ. P. 9(b). Complaints alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006).

Further, to properly allege this court's jurisdiction over a state cause of action such as common-law fraud, Plaintiffs must allege facts to demonstrate diversity of the parties and an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332. Plaintiffs do not allege facts to suggest there is complete diversity of the parties here, nor do Plaintiffs allege an amount in controversy. Accordingly, the court cannot ascertain that it would even have jurisdiction over a state fraud cause of action pled with particularity. Based on the foregoing, the Court **RECOMMENDS** the District Court **DISMISS** Plaintiffs' complaint without prejudice for failure to state a claim on which relief may be granted.

### III.    RECOMMENDATION

For the reasons discussed above, this Court **RECOMMENDS** the District Court:

**DISMISS** without prejudice Plaintiff's complaint under 28 U.S.C. § 1915(e)(2).  (ECF No. 3.)

If the District Court adopts this Court's Report and Recommendation, Plaintiff may file an amended complaint no later than **fourteen (14) days** after being served with a copy of the District Court's decision adopting this Report and Recommendation.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 9th day of June, 2016.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge